# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JOHN RANDALL FUTCH, )
 )
    Movant, )
 )
v. ) Case No. CV412-001
 ) CR402-232
UNITED STATES OF AMERICA, )
 )
    Respondent. )

## REPORT AND RECOMMENDATION

In 2004 this Court denied John Randall Futch's 28 U.S.C. § 2255 motion and he unsuccessfully appealed. CR402-232, docs. 97, 100. Futch attempted a second bite at that litigation apple by unsuccessfully moving to "amend" his § 2255 motion under Fed. R. Civ. 15. Doc. 102 (his "motion relating back"); doc. 104 (Jan. 16, 2009 Order denying it). Now he is back with another § 2255 motion. Doc. 133. He insists that it is not successive because an underlying state court conviction used to enhance his sentence here has been vacated. Doc. 134 at 3-4.[1]

Futch is correct on that score. A defendant who gets a prior state

---

[1] Page references are to the Court's CM/ECF screen page rather than the referenced document's own internal pagination.

court conviction vacated and *then* invokes § 2255 for a second time to undo an enhanced sentence restarts the § 2255 cycle. That makes his latest filing a *first*, not a successive, § 2255 motion. *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011); *United States v. Bass*, ___ F. Supp. 2d ___, 2012 WL 2021971 at * 6-7 (E.D. Pa. Jun 6, 2012).[2]

But the government is also correct in contending that Futch is too late. Doc. 136 at 4-7. Under *Stewart*, the vacatur restarts the one-year § 2255 limitations clock.[3] Futch won his vacatur on May 9, 2005, *State v. Futch*, 279 Ga. 300 (2005), as noted by Futch himself. Doc. 134 at 2. He

---

[2] *Stewart* implements *Johnson v. United States*, 544 U.S. 295 (2005). *Johnson* held that the state court vacatur of a predicate conviction is a new fact that triggers a fresh one-year statute of limitations under 28 U.S.C. § 2255(f)(4). *Stewart* held that when a second motion to vacate is filed on the basis of information that did not exist at the time the first motion to vacate was filed and denied, the second motion is not forbidden, *provided* the petitioner has acted with due diligence. *Stewart*, 646 F.3d at 863–65; *Williams v. United States*, 2011 WL 4344449 at *4-5 (W.D.N.C. Sep. 15, 2011). While some say that neither the Eleventh Circuit nor the Supreme Court has held *Johnson* to be retroactive to cases on collateral attack, *Smith v. United States*, 2012 WL 2505309 at * 2 (M.D. Fla. Jun. 28, 2012), *Stewart* is reduced to a mere advisory opinion unless *Johnson* is retroactive, so it is fair to conclude that *Stewart* implicitly held that *Johnson* is retroactively applicable to collateral proceedings (the government conceded retroactivity in *Smith*).

[3] 28 U.S.C. § 2255(f)(4) provides that the one-year limitation period for filing a § 2255 motion shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). But "the state court vacatur of a predicate conviction is a new 'fact' that triggers a fresh one-year statute of limitations under § 2255(f)(4). . . ." *Stewart*, 646 F.3d at 858; *United States v. Hicks*, 2011 WL 7070532 at * 3 (N.D. Fla. Dec. 22, 2011).

had one year from that date to act, but did not.[4] And he certainly knew about it, for in 2010 he successfully exploited the same vacatur in another federal criminal case against him, *United States v. Futch*, CR402-285, doc. 60 at 18-19 (S.D. Ga. Jun. 21, 2005).[5] *Johnson*, another 2005-issued opinion, put him on notice that he must timely seek the vacatur of a predicate conviction and keep the ball moving at all times. *Johnson*, 544 U.S. at 304-06. Since Futch has not shown diligence, *id.* at 311, the government's motion to dismiss (doc. 136) should be **GRANTED** and his § 2255 motion should be **DENIED**.[6] His motion to

---

[4] Futch evidently caught wind of *Stewart*, which issued on July 14, 2011. *Stewart*, 646 F.3d at 856. Futch says he asked his prison counselor on December 23, 2011 to consult the Presentence Investigation Report (the PSI) used by this Court to sentence him. Doc. 134 at 2. He verified and mailed his § 2255 motion on December 27, 2011. Doc. 133 at 8. But at that moment Futch had to have appreciated the May 9, 2005 - December 27, 2011 gap.

[5] Note, for that matter, that the petitioner in *Johnson* failed to seek vacatur until more than three years after the entry of judgment in his federal case. He thus "fell far short of reasonable diligence in challenging the state conviction." *Id.* at 311; *see also United States v. Harrison*, 2012 WL 692552 at * 4 (W.D. La. Jan. 31, 2012). Time-wise, then, § 2255 movants must promptly move in two time periods: (1) to vacate any prior state convictions after they are used to enhance their federal sentence; *and* (2) to seek § 2255 relief if their efforts to seek a vacatur are successful. Futch was sentenced here on April 25, 2003. Doc. 61. But he did not begin to attack the prior state conviction in question until 2004. Doc. 134 at 1. Twin-level laxity can be fatal.

[6] The government alternatively argues that Futch's claim is noncognizable because he ultimately seeks to lower his criminal history score under the U.S. Sentencing

3

stay these proceedings (doc. 138) is **DENIED** as moot.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 12Th day of September, 2012.

*[signature: M. Smith]*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

Guidelines, and sentencing errors are generally not permissible in § 2255 proceedings. The Court rejects that argument for the same reason that it did in *Bazemore v. United States*, CR491-176, doc. 1376 at 6-13, 2012 WL 3552702 (S.D. Ga. Aug. 15, 2012).

4