# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

JOHN RANDALL FUTCH, )
　)
　　Movant, )
　)
v. ) Case No. CV412-287
　) CR402-232
UNITED STATES OF AMERICA, )
　)
　　Respondent.

## REPORT AND RECOMMENDATION

In 2004 this Court denied John Randall Futch's 28 U.S.C. § 2255 motion and he unsuccessfully appealed. CR402-232, docs. 97, 100. Futch attempted a second bite at that litigation apple by unsuccessfully moving to "amend" his § 2255 motion under Fed. R. Civ. 15. Doc. 102 (his "motion relating back"); doc. 104 (Jan. 16, 2009 Order denying it). He fired another shot this year, doc. 133, but the Court ruled that it should be dismissed as untimely. *Id.*, doc. 145, reported at 2012 WL 4009710.

Now he is back with another § 2255. Doc. 151 at 1 (expressly challenging his CR402-232 conviction); *see also United States v. Futch*, CR402-285 (second conviction on other charges); *Futch v. United States*,

402CR285, doc. 180, 2011 WL 6328210 (S.D. Ga. Dec. 16, 2011) (denying his § 2255 motion challenging that conviction). He cites to wording in a denied § 2241 petition that he is limited to 2255 for the relief he seeks here. CR402-232, doc. 151 at 4; doc. 152 at 1-2; *see also Futch v. Haynes*, CV212-103 doc. 15 at 5, *reported at* 2012 WL 3704984, *adopted*, doc. 18 at 1-2, *reported at* 2012 WL 3704809. He thus views that wording as a green-light for invoking § 2255 yet again.

But of course, nothing in the § 2241 rulings excused him from the successive motion bar. And a second or successive 28 U.S.C. § 2255 motion must be certified to contain: (1) newly discovered evidence that, when viewed as a whole would be "sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense"; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. 28 U.S.C. 2255(h)(1)-(2); *In re Perez*, 682 F.3d 930, 931 (11th Cir. 2012).

Futch does not even bother to acknowledge, let alone attempt to meet, that criteria. And, he has knocked on the wrong court's door.

Successive motions go to the appellate court first. *Santa v. United States*, 2012 WL 5233564 at * 1 (11th Cir. Oct. 24, 2012) ("A district court lacks the jurisdiction to hear a second or successive § 2255 motion absent authorization from a Court of Appeals."); *Brown v. United States*, 2012 WL 1664150 at * 1-2 (S.D. Ga. Apr. 13, 2012) ("The dismissal of a previous section 2255 as untimely 'constitute[s] a dismissal with prejudice,' requiring a movant to seek permission from the Eleventh Circuit to file a successive § 2255 motion.") (quoting *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010)). Hence, his § 2255 motion must be **DISMISSED**. However, his motion to supplement his Fed. R. Civ. P. 72(b)(2) Objections, doc. 150, is **GRANTED**.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken

in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 26TH day of November, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA