IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN RANDALL FUTCH, )
)
    Petitioner, )
)
v. ) CASE NOS. CV412-001
)             CR402-232
UNITED STATES OF AMERICA, )
)
    Respondent. )
                                      )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 15), to which objections have been filed (Doc. 18).[1] After a careful de novo review of the record, the Court concludes that Petitioner's objections are without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's 28 U.S.C. § 2255 Petition is **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

Petitioner's most recent habeas petition, based on the 2005 vacatur of a state court conviction used to enhance his federal sentence, is clearly time-barred. Recently, the Eleventh Circuit Court of Appeals held that their decision

---

[1] Petitioner's Motion to Supplement Objections (Doc. 20) and Motion to Supplement the Record (Doc. 26) are both **GRANTED**. The Court considered these filings when assessing the report and recommendation.

in Stewart v. United States, 646 F.3d 856 (11th Cir. 2011), did not operate to reset the one-year state of limitations for habeas petitions based on the vacatur of a state court conviction. Bazemore v. United States, ___ Fed. App'x ___, 2014 WL 6865305, at *3 (11th Cir. 2014).[2] In Stewart, the Eleventh Circuit concluded that habeas petitions seeking resentencing based on the subsequent vacatur of a predicate state court conviction used to calculate a federal sentence were not successive petitions under the Anti-terrorism and Effective Death Penalty Act. 646 F.3d at 865. Therefore, a petitioner has one year from the date the state court conviction was vacated to file a corresponding habeas petition in federal court, regardless of whether that petition would be considered successive or not.

In this case, Petitioner seeks to be resentenced based on the May 9, 2005 vacatur of a state court conviction. However, he did not file his current habeas petition until December 27, 2011. Under the Eleventh Circuit's holding in Bazemore, that petition is unmistakably time-barred. In addition, this Court concludes that Petitioner is not

---

[2] In his Motion to Supplement § 2255, Petitioner raised an argument attempting to distinguish the district court's decision in Bazemore. (Doc. 28.) Petitioner's Motion to Supplememt is **GRANTED** and the Court has considered Petitioner's argument. However, this Court ultimately finds Petitioner's argument unpersuasive.

entitled to equitable tolling. See Bazemore, 2014 WL 6865305, at *4 (holding petitioner not entitled to equitable tolling based on the Eleventh Circuit's intervening ruling in Stewart). Accordingly, the Magistrate Judge's Report and Recommendation is **ADOPTED** as the Court's opinion in the case and Petitioner's 28 U.S.C. § 2255 Petition is **DENIED**.

SO ORDERED this 12th day of January 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA