**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

JUL 23 2013

CLERK_____
SO. DIST. OF GA.

JOHN RANDALL FUTCH,      )
                         )
      Petitioner,        )
                         )
v.                       )      CASE NOS. CV412-287
                         )                CR402-232
UNITED STATES OF AMERICA,)
                         )
      Respondent.        )
_____)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 3), to which objections have been filed (Doc. 5; Doc. 6).[1] After a careful de novo review of the record, the Court concludes that Petitioner's objections are without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case with the addendum below. As a result, Petitioner's 28 U.S.C. § 2255 Petition is **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

In his petition and objections, Petitioner attempts to resurrect his successive and untimely claim for habeas relief by alleging a "colorable claim of actual innocence." (Doc. 1 at 5; accord Doc. 6 at 1.) It appears that

_____

[1] Petitioner's Motion to Supplement the Record (Doc. 8) is **GRANTED**. The Court considered this filing when assessing the report and recommendation.

Petitioner contends the Government violated <u>Brady v. United States</u>, 373 U.S. 83 (1963), in the underlying criminal proceedings by failing to disclose information about certain search warrants. (Doc. 5 at 1-2.) According to Petitioner, his plea was not knowing and voluntary because the withholding of that information left him "without the benefit of [knowing] whether a suppression motion would have been available arising from the search warrant." (<u>Id.</u> at 1.) Recognizing that his <u>Brady</u> claim is procedurally barred, Petitioner relies on <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), to argue that he is not prohibited from raising the <u>Brady</u> claim because he is actually innocent of the offenses to which he pled guilty. (Doc. 5 at 2.)

Under <u>Schlup</u>, a Petitioner can have an otherwise barred constitutional claim considered on the merits by establishing an accompanying colorable claim of actual innocence. 513 U.S. at 315. Tenable claims of actual innocence, however, are exceedingly rare and require a petitioner to "persuade[] the district court that, in light of [] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." <u>Id.</u> at 329. Under this demanding standard, a petitioner is only allowed to argue the merits of his underlying claims of constitutional error after presenting "evidence of

2

innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Id. at 316.

In this case, Petitioner fails to offer any evidence that would establish his innocence with respect to the offenses of conviction. Indeed, Petitioner's only argument is the self-serving statement that he is actually innocent of those charges. In truth, such a showing by Petitioner would be exceptionally difficult in light of the fact that he pled guilty (4:02-cr-232, Doc. 56; 4:02-cr-285, Doc. 14), admitting under oath to committing the very conduct that formed the basis those offenses.

While Petitioner appears to reason that he is innocent because of constitutional violations that he alleges occurred in his case, "the existence of a [] meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Id. The alleged constitutional violation must be accompanied by a colorable showing of actual innocence. Id. In this regard, Petitioner confuses "legal innocence," which is based on the infirmity of a conviction due to constitutional violations, with "factual innocence," which

is the nonexistence of any conduct by the defendant that would render him guilty of the offense of conviction. For Petitioner to have his claims heard on the merits, "[a]ctual factual innocence is required; legal innocence is not enough." Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1274 (11th Cir. 2004) (en banc); accord Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) ("This exception is exceedingly narrow is scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence."). Because Petitioner has failed to offer any credible showing of actual factual innocence, his claim must be denied.

SO ORDERED this 22ᴺᴰ day of July 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA